IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KHALEE AVONTE MOSELEY                :
                                     :
    v.                               :  Civil Action No. DKC 16-2499
                                     :  Criminal No. DKC 11-0048
UNITED STATES OF AMERICA             :
                                     :

**MEMORANDUM OPINION**

Petitioner Khalee Moseley ("Petitioner") pleaded guilty to possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) on March 11, 2011. (ECF No. 12). On May 17, Petitioner was sentenced to 144 months imprisonment on count one, and a concurrent term of 120 months on count two. (ECF No. 19). During the sentencing hearing, the court found that Petitioner committed this offense subsequent to sustaining at least two prior convictions for controlled substance offenses and sentenced him as a career offender pursuant to U.S.S.G. § 4B1.1.

On June 25, 2016,[1] Petitioner filed a Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 21) arguing that, in light

---

[1] The court concludes that Petitioner's motion is timely pursuant to the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 274-75 (1988) (holding that "*pro se* prisoners' notices of appeal are 'filed' at the moment of delivery to prison authorities

of *Johnson v. United States*, 135 S.Ct. 2551 (2015), the "residual clause" of the Armed Career Criminal Act ("ACCA")[2] was void for vagueness. Petitioner's motion to correct sentence will be denied because he was not sentenced under the ACCA. Rather, the court found that Petitioner was a career offender and sentenced him pursuant to U.S.S.G. 4B1.1 because he had two prior felony convictions for controlled substance offenses. Furthermore, the Supreme Court's later decision in *Beckles v. United States*, 137 S.Ct. 886 (2017), held that the advisory sentencing guidelines are not subject to the *Johnson* analysis. Thus, any argument about guideline calculations is foreclosed by the Supreme Court's decision in *Beckles*, and, therefore, holds no merit.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a

---

for forwarding to the district court"). The Government's motion to dismiss, arguing that the motion was filed untimely, is denied.

[2] The Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e), requires the imposition of a minimum 15-year term of imprisonment for recidivists convicted of unlawful possession of a firearm under 18 U.S.C. 922(g), who have three prior state or federal convictions for violent felonies or serious drug offenses.

"jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Upon review of the record, the court finds that Petitioner has not satisfied the above standard. Accordingly, a certificate of appealability will not issue.

A separate order will be entered.

                                                           /s/
                                    DEBORAH K. CHASANOW
                                  United States District Judge